IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 4-14-2021
TIME: 3:20 pm
INITIALS: T.H.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 2:21-CR-20057-SHL |
| | ) | |
| | ) | |
| OLLIE STEPHENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Come now the parties herein, the defendant, Ollie Stephenson (hereinafter, Mr. Stephenson), being represented by retained counsel, Ms. Terita Hewlett, and the United States being represented by the United States Attorney for the Western District of Tennessee, and enter into the following Plea Agreement.

1. Mr. Stephenson agrees to:

(a) waive his right to indictment and trial by jury and all rights attached thereto;

(b) plead guilty to the one-count information filed in this case which charges him with knowingly making and using a false document containing materially false representations concerning a matter within the jurisdiction of the U.S. Department of Agriculture in violation of Title 18, United States Code, Section 1001(a)(3);

(c) waive his right to appeal any aspect of the sentence imposed if the sentence of imprisonment imposed is within or below the applicable sentencing guideline range as determined by the Court;

(d) waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution;

(e) waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(f) pay restitution in the amount of $375,158.81;

(g) pay the $100 mandatory assessment to be imposed pursuant to 18 U.S.C. §3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(h) not to engage in any criminal conduct following entry of his guilty plea; and,

(i) that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The United States agrees:

(a) not to pursue prosecution of Mr. Stephenson in connection with any other potential violations of federal criminal law arising from false claims made on behalf of Louise's Learning Tree Day Care in connection with the USDA Child and Adult Care Food Program between 2016 and 2020;

(b) to recommend that Mr. Stephenson receive the maximum applicable reduction for acceptance of responsibility provided that Mr. Stephenson complies with all of his obligations under the terms of this plea agreement; and,

(c) not to seek a sentence of imprisonment in excess of the low end of the applicable sentencing guideline range as determined by the Court with the understanding that Mr. Stephenson is not precluded from seeking a lesser sentence.

3. The parties agree and stipulate that in calculating loss under Section 2B1.1(b)(1) and the relevant conduct provisions of the Sentencing Guidelines, the loss amount is more than $250,000, but does not exceed $550,000.

4. Mr. Stephenson acknowledges and understands that:

(a) except with respect to the agreement by the United States not to seek a sentence of imprisonment in excess of the low end of the applicable sentencing guideline range as determined by the Court, he has not been promised a specific sentence;

(b) any estimate of the probable sentencing range he may have received from counsel, the government, or any other person/s, is a prediction not a promise and is not binding on the Court and that if the Court imposes a sentence greater than he expects, he will not be afforded an opportunity to withdraw his plea;

(c) the maximum possible penalty the Court may impose is a term of imprisonment of 5 years, a fine of $250,000, 3 years supervised release, and a mandatory assessment of $100.00;

(d) any recommendations made by the United States under this agreement are not binding on the Court and that if the court rejects any such recommendations he will not be allowed to withdraw his plea; and,

(e) the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement specifically, the United States will be free to seek the maximum sentence provided by law if:

(1) his plea of guilty is accepted and he later attempts to withdraw his plea for any reason other than the Court's rejection of the plea agreement; or

(2) he engages in any new criminal conduct following entry of his guilty plea;

5. This Plea Agreement constitutes the entire agreement between the parties.

JOSEPH C. MURPHY, JR.
Acting United States Attorney

By: *[signature]* Date 04/14/2021
Carroll L. Andre' III
Assistant United States Attorney

*[signature]* Date 4/14/2021
Terita Hewlett
Attorney for Defendant

*[signature]* Date 04/14/2021
Ollie Stephenson
Defendant

3